**DIXON CHEMICAL INDUSTRIES, INC., as owner of the BARGE DIXON CHEMICALS, Plaintiff-Appellant,**

v.

**VINCENT C. TURECAMO, INC., and D/T BARNEY TURECAMO, her engines, etc., Defendants-Appellees.**

No. 41, Docket 32708.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1969.

Decided Nov. 3, 1969.

---

James M. Leonard, McHugh & Leonard, New York City, for plaintiff-appellant.

Christopher E. Heckman, New York City, (Stephen J. Buckley, Foley & Martin, New York City, on the brief), for defendants-appellees.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

PER CURIAM.

On November 18, 1961, a 220-foot unmanned, steel tank barge, owned by the appellant, and loaded with 2,300 tons of sulphuric acid, was taken in tow by appellee's tug at Paulsboro, New Jersey, bound for Everett, Massachusetts. Shortly before this trip, the barge had been damaged in a collision, drydocked and repaired, including patching of the bow. It was thereafter given a temporary seaworthy certificate from the American Bureau of Shipping. The captain of the tug considered the barge properly trimmed and loaded at departure.

When the vessels were about 9 miles south of Block Island they ran into strong winds and heavy seas and the tow was lost. The trial court found no fault on the part of the defendants and entered judgment in their favor and the plaintiff has appealed.

■ We have concluded that none of the points raised by the appellant has persuasive merit. It mainly relies upon the argument that under the conditions of sea and weather the tug captain practiced improvident seamanship and was negligent in taking the customary course south of Long Island and Block Island instead of proceeding by way of New York harbor, the East River and Long Island Sound. But this is based upon sheer hindsight and was properly rejected by the trial court. The progress of the tug and barge was uneventful up to about 2050 on November 20th when the wind reached a velocity of 40–50 knots and had built up 10–15 foot seas; but the U. S. Weather Bureau at 1630 had forecast that after a few hours and throughout the next day there would be moderated but assisting winds on the port-quarters of the vessels. The captain's decision to continue on course at slow speed was a proper exercise of judgment on his part, as the trial court concluded, and certainly furnishes no foundation for a finding of bad seamanship or negligence. Esso Standard Oil S. A. v. S. S. Gasbras Sul, 387 F.2d 573 (2 Cir. 1967), cert. denied 391 U.S. 914, 88 S.Ct. 1808, 20 L.Ed.2d 653 (1968); The Pride, 135 F.2d 999 (2 Cir. 1943).

■ The claim that the wire cable bridle was not properly made fast to the after, bow bitts of the barge resolves itself to a mere issue of credibility because the deck-hand witness, who had actually attached the eyes to the bitts and lashed them down with the heaving line, testified in detail about what he did. His testimony about using the heaving line was strongly corroborated by the uncontradicted evidence that, when the hawser and bridle were hauled aboard the tug, a remnant of the heaving line was still attached to one of the eyes. The trial court believed him, and there are no grounds on which this court may disturb the district court's finding that the bridle was fastened in a proper, seamanlike fashion.

■ The appellant failed to show any lack of prudent seamanship or negligence on the part of the appellees and it is, therefore, unnecessary to consider the issue of causation. Stevens v. The White City, 285 U.S. 195, 202, 52 S.Ct. 347, 76 L.Ed. 699 (1932); South, Inc. v. Moran Towing & Transp. Co., 360 F.2d 1002 (2 Cir. 1966); River Terminals Corp. v. Southwestern Sugar & Molasses Co., 274 F.2d 36 (5 Cir. 1960).

The judgment of the district court is affirmed.